IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV431-01-MU

JAMES JACKSON,  )
        Plaintiff,  )
v.  )  **O R D E R**
BOYD BENNETT, et al.,  )
        Defendants.  )

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed October 11, 2005.

Plaintiff alleges in his Complaint that "c/o guard and some personal staff" have endangered his life by "instructing other inmates to assault [him]." Plaintiff states that after a September 21, 2005 incident, "they filed this false statement report where they tried to put all the blame on me." Plaintiff further alleges that the DHO was instructed to find him guilty. Plaintiff asserts that such conduct has been going on since at least 1991. Plaintiff contends that the constant actions are prohibiting him from being paroled. Plaintiff states that on October 21, 2003, he was similarly attacked at Pasquatonk Correctional Institution.[1]

As an initial matter, it appears, based upon the Plaintiff's own representations, that he has

---

[1] Plaintiff himself admits that he filed a Complaint against Boyd Bennett, Theodis Beck, R.D. Powell, and Henry Nobles, in the United States District Court for the Eastern District of North Carolina based upon this October 2003 incident and that such suit was dismissed on initial review as frivolous. (03-CT-533).

not fully exhausted his administrative remedies. In the portion of his Complaint form that inquires about the exhaustion of administrative remedies, Plaintiff states that he has exhausted his remedies and supports this assertion by stating that he filed grievances between May 12, 2004, and January 29, 2005, and from August 13, 2002, through January 7, 2003. These grievances cited to by Plaintiff as proof that he has exhausted his administrative remedies could not possible have concerned the September 21, 2005, incident that Plaintiff is now complaining about. Moreover, the conclusion that he has not exhausted his administrative remedies with regard to the incident that forms the basis of his present Complaint is supported by the temporal proximity of the incident and the signing of his Complaint. That is, Plaintiff signed his Complaint on October 5, 2005, complaining about an incident that occurred on September 21, 2005. Even assuming Plaintiff filed the grievance on the very day the incident occurred, it is highly unlikely that any such grievance could have completed the entire grievance process in 14 days.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002). Consequently, because Plaintiff has not exhausted his administrative remedies his Complaint is dismissed on that basis.

Moreover, a review of Plaintiff's claim reveals that it is conclusory at best. That is Plaintiff provides almost no details whatsoever about his claim other than it revolves around an incident that

allegedly took place on September 21, 2005. He provides no names or details whatsoever. In addition he makes completely generalized conspiratorial accusations dating from 1991 to the present. A Complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989)(minimum level of factual support required). Plaintiff has failed to meet this burden.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

**Signed: October 25, 2005**

Graham C. Mullen
Chief United States District Judge